**Stefan Peter PETER; Ioana Popandron, Petitioners,**

v.

**Peter D. KEISLER,\* Acting Attorney General, Respondent.**

No. 04–72604.

United States Court of Appeals, Ninth Circuit.

Submitted Nov. 7, 2007.\*\*

Filed Nov. 9, 2007.

Robert B. Jobe, Esq., Law Offices of Robert B. Jobe, San Francisco, CA, for Petitioners.

Ronald E. Lefevre, Chief Counsel, Office of the District Counsel Department of Homeland Security, San Francisco, CA, Nancy E. Friedman, Esq., U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

---

\* Peter D. Keisler is substituted for his predecessor, Alberto R. Gonzales, as Acting Attorney General of the United States, pursuant to Fed. R.App. P. 43(c)(2).

\*\* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Before: NOONAN, FERNANDEZ, and McKEOWN, Circuit Judges.

## MEMORANDUM ***

Ethnically an Hungarian, born in 1964 in Transylvania, Romania, Peter suffered from discrimination, harassment, family losses, and actual beatings unrestrained by the police—a series of serious indignities and offenses that a factfinder could find constituted persecution on account of his ethnicity. He briefly left Romania in 2000 and then returned, finally leaving for the United States on January 4, 2001.

The Board ruled that Peter was not a refugee prior to his final departure. The reason was that earlier, Peter did not meet the statutory definition of a refugee. He was not unwilling or able to return to Romania.

The Board's reasoning and conclusion as to Peter's refugee status are impeccable. But after his flight from Romania in January 2001, Peter was not willing to return. At that date, he met the statutory definition and was eligible for asylum if he could establish past persecution and a fear of future persecution. The Board held that the persecution he suffered prior to December 2000 could not now be considered. In doing so, the Board committed an error of law and because of this error of law excluded much of Peter's evidence. The error was to make evidence of persecution dependent on the date the petitioner sought refugee status.

Undoubtedly, if that evidence were considered, its strength might be countered by the evidence of Peter's return to Romania. But once Peter took the step of being unwilling to return, nothing in the statute authorized the Board to exclude probative evidence, which in its cumulative effect considered in conjunction with the beatings and threats he received just prior to his January 2001 departure could be construed as establishing past persecution, a presumption of future persecution, and at least a 1 in 10 chance of suffering it.

Accordingly, we remand to the Board to consider all the evidence.

**REMANDED.**

*** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

